UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

JEROME THOMAS WHITE,

    Debtor.
_____/

Chapter 7
Case No. 13-44073-wsd
Hon. Walter Shapero

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION
NO. 252 PENSION PLAN, ELECTRICAL
WORKERS LOCAL NO. 252 HEALTH & WELFARE
PLAN, INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION NUMBER
252 DEFINED CONTRIBUTION/401(K) PLAN,
ELECTRICAL WORKERS LOCAL NUMBER 252
APPRENTICE SCHOOL PLAN, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL UNION 252 JOINT APPRENTICE TRAINING
FUND, INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 252 LABOR
MANAGEMENT COOPERATION FUND, and
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION NO. 252,

Adv. Pro. No. 13-04826

    Plaintiffs,
v.

JEROME THOMAS WHITE,

    Defendant.
_____/

## OPINION DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Undisputed Facts

Defendant was the principal officer and sole shareholder of White Electric, Inc. d/b/a Towler Electical Services ("Towler"). Towler engaged in electrical contracting work for the

University of Michigan. Neither Towler nor Defendant obtained a performance bond or payment bond in connection with that labor. Towler was a party to a collective bargaining agreement with a Plaintiff labor union, incident to which, Towler was required to pay contributions to various Plaintiffs for various fringe benefits. Towler received payment for the work it performed, but in late 2011 to early 2012, failed to make certain required contributions to Plaintiffs. Plaintiffs filed suit against Towler and Defendant in the U.S. District Court for the Eastern District of Michigan and obtained judgment against Towler only. Defendant filed a Chapter 7 bankruptcy petition prior to the adjudication of Plaintiff's allegations against him. Towler ceased operating around December 2012.

Plaintiffs filed this adversary proceeding for nondischargeability of debt under 11 U.S.C. § 523(a)(4) and (a)(6), and denial of discharge under § 727. The present Motion for Partial Summary Judgment (Dkt. 20) relates only to the § 523 claims. At the June 19, 2014 hearing, the Court denied Plaintiff's Motion pertaining to the counts under § 523(a)(6) because there existed genuine issues of material fact.

Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction under 28 U.S.C. §§ 1334(b) and 157, and E.D. Mich. L.B.R. 83.50(a).

Summary Judgment Standard

Fed.R.Civ.P. 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to demonstrate that an essential element

of the non-moving party's case is lacking." *Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999) (internal citation omitted). The Court should draw all justifiable inferences in favor of the non-moving party and it should not determine credibility or weigh evidence. *Id.* "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis original). "There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Williams v. Leatherwood*, 258 Fed. Appx. 817, 820 (6th Cir. 2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

Count 1: § 523(a)(4) Breach of Fiduciary Duty and the Michigan Builders Trust Fund Act

Plaintiffs assert that Defendant violated the Michigan Builders Trust Fund Act (MBTFA), the pertinent section of which states:

> In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

Mich. Comp. Laws § 570.151. Plaintiffs claim Defendant's conduct gives rise to nondischargeability under 11 U.S.C. § 523(a)(4), which excepts from discharge debts for "fraud or defalcation while acting in a fiduciary capacity[.]" Plaintiffs argue that the failure of Towler to use its labor proceeds to pay the contributions to Plaintiffs is a breach of the fiduciary duties imposed by the MBTFA. If the MBTFA were applicable against Towler, Defendant does not

3

apparently contest that it would impose fiduciary duties on himself personally. *See In re Patel*, 565 F.3d 963, 968-69 (6th Cir. 2009).

Defendant instead argues that the MBTFA is inapplicable because the work performed by Towler was on a "public project." Plaintiffs contend that this "public project" argument is an affirmative defense and that the burden is on Defendant to prove that the work performed for the University of Michigan was on projects owned (and not merely used or leased) by the university. The Court disagrees. Given that Plaintiffs' allegation is based solely on the MBTFA, it is Plaintiffs' burden to assert and prove the applicability of that statute as a necessary element of their case, and certainly in order for them to be entitled to summary judgment.

As to the merits of that argument, it is apparently uncontested that the University of Michigan is a public entity. *See Federated Publications, Inc. v. Bd. of Trustees of Michigan State Univ.*, 460 Mich. 75, 86-87 (1999); Mich. Const. art. VIII, § 5. A "public project" exception does not appear in the text of the MBTFA, however, in *In re Certified Question,* 411 Mich. 727, 732 (1981), the Michigan Supreme Court explicitly held that the MBTFA "has no applicability to public construction contracts." Part of that Court's rationale was that "suppliers of labor and material on public projects were protected by statutorily required payment and performance bonds." *Id.* at 733. This ruling has been more recently recognized by *Midwest Eng'g v. SWS Eng'g*, 2005 WL 1459613 (Mich. Ct. App. June 21, 2005) and *Merchants Bonding Co. v. Utica Cmty. Sch.*, 2003 WL 21456626 (E.D. Mich. May 2, 2003).

Plaintiffs discuss *Parker v. Klochko Equip. Rental Co., Inc.,* 590 F.2d 649 (6th Cir. 1979) in opposition to the "public project" exception. That case first noted that "Michigan courts have not been called upon to rule upon the question of the applicability of the [MBTFA] in the context of a public construction project" and concluded that it was applicable. *Id.* at 652-53. However,

4

*Parker* was subsequently rejected by *In re Certified Question*. Insofar as Plaintiffs argued that *In re Certified Question* relied on questionable rationale or constituted bad policy, this Court is unable (and unwilling) to deviate from that holding, given it is Michigan Supreme Court precedent on a purely Michigan state law issue. *See In re V. Pangori & Sons, Inc.*, 53 B.R. 711, 723 n.9 (Bankr. E.D. Mich. 1985) (finding it more appropriate to rely on *In re Certified Question,* where the Michigan Supreme Court spoke clearly on an issue of state law, than on *Parker*).

Plaintiffs seek to distinguish *In re Certified Question* on the basis that, in the situation here, Defendant and Towler did not obtain a bond, which is required for any public project contract exceeding $50,000 pursuant to Mich. Comp. Laws. § 129.201. In other words, because part of the rationale for the public project exception was that contractors on public projects are required to furnish a bond, and because Defendant and Towler failed to furnish such a bond, the policy rationale of *In re Certified Question* is not implicated. In support of this argument, Plaintiffs cite (but do not substantially discuss) *In re Williams Bros. Asphalt Paving Co.*, 59 B.R. 71 (Bankr. W.D. Mich. 1986). Involved in that case and as discussed in the recitation of facts, there was pre-petition state court litigation by a supplier against the debtor (who was a contractor). The state trial court awarded summary judgment and money damages to the supplier (that state court action was filed prior to the decision of *In re Certified Question*, but the state court's disposition was subsequent to it). When the debtor filed for bankruptcy, the bankruptcy court had granted a conditional lift of stay to allow the state court to reconsider its ruling in light of *In re Certified Question*. The state court affirmed its prior ruling. That affirmance was described by the bankruptcy court as follows: "The Circuit Court's judgment was predicated on the principle that the Michigan Builders Trust Fund Act applies to unbonded public projects. The projects in issue

5

were not bonded because the contract price did not exceed $50,000.00." 59 B.R. at 74. The dispute in that bankruptcy court was between the debtor's supplier and the debtor's bank, to whom the debtor had paid funds to apply to its prepetition bank debt. The supplier, among other things, argued those paid funds were impressed with a trust for its benefit under the MBTFA. The bankruptcy court issues were (a) whether the bank was a holder in due course and thus not liable to the supplier; and (b) whether the MBTFA impressed a trust on funds generated by an auction of the debtor's equipment. The bankruptcy court only decided those two questions, and did so in favor of the bank. In doing so, the bankruptcy court's opinion did, as indicated, refer to the state court opinion relating to the issue of the MBTFA applying to unbonded public projects (the exact text or reasoning of which has not been presented to this Court and may indeed not even be available). The bankruptcy court did not itself opine or adopt a position on that issue, nor did it need to, given the issues before it. It only described the state court proceedings and conclusion as being the law of that particular state court case. Furthermore, the state court's conclusion could very well be contrary to the broad holding of *In re Certified Question* that the MBTFA does not apply to public contracts. Although *In re Certified Question* used the fact that public contracts require bonds as part of its rationale for the public project exception, it did not limit the public project exception to situations in which a bond was actually furnished. Therefore, this Court concludes that neither *In re Williams Bros.*, nor the state court case referenced therein, operate as relevant or sufficiently persuasive precedent to support Plaintiffs' contention. Finally, even if it were otherwise, Plaintiffs' Motion is deniable on other grounds.

Plaintiffs also contend (without citing to supporting authority) that if the work was indeed a public project, then Defendant would have waived his right to claim the public project exception by failing to furnish the bond required for public projects. The Court disagrees with the

contention that, as a matter of law, failure to comply with a statutory provision requiring a bond would in turn allow the MBTFA to become applicable to a public project. The holding in *In re Certified Question* was quite simply and only that the MBTFA does not apply to public projects, without any other requirement or condition. Interestingly, although Mich. Comp. Laws. § 129.201 requires that a bond be furnished before a public project contract is even awarded, it provides no penalty or remedy in the event it is not furnished for whatever reason. If a contractor engaged in work on a public project, which would preclude the applicability of the MBTFA and would impose a bond obligation, it would not be legally or factually impossible for the contractor to have simply failed to meet the bond obligation. While the result of this situation is unclear, Plaintiffs have not persuaded the Court that the result, as a matter of law, is the waiver of the right to assert the public project exception.

Notwithstanding the aforementioned legal issues, the Court would and does deny Plaintiffs' motion for summary judgment on this count because there exist genuine issues of material fact as to Defendant's state of mind. Plaintiffs' § 523(a)(4) nondischargeability action requires proof of a scienter element or objective recklessness. *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1760, 185 L. Ed. 2d 922 (2013); *In re Patel*, 565 F.3d 963, 970 (6th Cir. 2009) ("Thus, there is no such thing as 'defalcation per se' and instead the debtor must have been objectively reckless in failing to properly account for or allocate funds."); Mich. Comp. Laws § 570.153 (misappropriation of payment is *evidence* of intent to defraud). Given the foregoing conclusion, the Court need not address Defendant's argument that the labor in question is outside the scope of the MBTFA because it was "service work" rather than "construction work." The Court also need not address the issues raised by the parties as to the amount of damages.

7

## Count 2: § 523(a)(4) Breach of Fiduciary Duty and Unlawful Distributions Using Corporate Assets

Plaintiffs assert that, while Towler was insolvent and owed Plaintiffs outstanding contributions, Defendant used Towler's corporate assets to make monetary transfers to himself. Plaintiffs allege that, as the principal officer and sole shareholder of Towler, Defendant had a fiduciary duty to Towler's creditors and breached it. A principal authority upon which Plaintiffs rely is Mich. Comp. Laws § 450.1345(3), which provides:

> A distribution shall not be made if, after giving it effect, the corporation would not be able to pay its debts as the debts become due in the usual course of business, or the corporation's total assets would be less than the sum of its total liabilities plus, unless the articles of incorporation permit otherwise, the amount that would be needed, if the corporation were to be dissolved at the time of the distribution, to satisfy the preferential rights upon dissolution of shareholders whose preferential rights are superior to those receiving the distribution.

Also relevant is Mich. Comp. Laws § 450.1106(4), which provides:

> "Distribution" means a direct or indirect transfer of money or other property, except the corporation's shares, or the incurrence of indebtedness by the corporation to or for the benefit of its shareholders in respect to the corporation's shares. A distribution may be in the form of a dividend, a purchase, redemption or other acquisition of shares, an issuance of indebtedness, or any other declaration or payment to or for the benefit of the shareholders.

Defendant argues that the amounts transferred by Towler to him were not "distributions" within that definition because Plaintiffs have not shown that such amounts were made "in respect to the corporation's shares." *See In re NM Holdings Co., LLC*, 407 B.R. 232, 252-53 (Bankr. E.D. Mich. 2009). Defendant characterizes these transfers as Towler paying him a modest salary, rather than Defendant "looting Towler at the expense of creditors." It appears that Plaintiffs concede that Defendant was entitled to draw *some* compensation from Towler. There was no factual record as to the basis for Towler's transfers to Defendant, i.e. whether they were made pursuant to some employment agreement, were a stock dividend, were made on an ad hoc basis,

8

etc. However, even if Plaintiffs had proven at this stage that the transfers were made in respect to Defendant's ownership of Towler's stock, Plaintiffs would need to also prove the scienter or objective recklessness elements discussed above, which very likely depend on a number of fact-intensive questions that have yet to be answered. Plaintiffs are not entitled to summary judgment on this count.

## Conclusion

Plaintiffs' Motion for Partial Summary Judgment (Dkt. 20) is denied in its entirety and the Court will contemporaneously enter an appropriate order.

```
Signed on September 10, 2014
                                            /s/ Walter Shapero
                                     Walter Shapero
                                     United States Bankruptcy Judge
```